799 So.2d 772 (2001)
STATE of Louisiana
v.
Arthur Lee JONES.
No. 01-539.
Court of Appeal of Louisiana, Third Circuit.
October 31, 2001.
*774 Earl B. Taylor, District Attorney, Opelousas, LA, Counsel for State of Louisiana.
Edward K. Bauman, Louisiana Appellate Project, Lake Charles, LA, Counsel for Defendant Arthur Lee Jones.
Arthur Lee Jones, In Proper Person, Basile, LA, Defendant.
*775 Court composed of ULYSSES GENE THIBODEAUX, JIMMIE C. PETERS, and MICHAEL G. SULLIVAN, Judges.
SULLIVAN, Judge.
After a jury trial held on October 30, 2000, Arthur Lee Jones was convicted of possession of a firearm by a person convicted of certain felonies, a violation La. R.S. 14:95.1, and possession of a firearm with an obliterated serial number, a violation of La.R.S. 40:1792. He was sentenced to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence and to pay a fine of $1,000.00 for the violation of La.R.S. 14:95.1 and to five years at hard labor without the benefit of parole, probation, or suspension of sentence for the violation of La.R.S. 40:1792. The sentences were ordered to run concurrently with each other, but consecutive to any other sentence he was serving.
On appeal, appellate counsel for Defendant filed a motion to withdraw as attorney of record pursuant to the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Benjamin, 573 So.2d 528 (La. App. 4 Cir.1990). Defendant filed a pro se brief, assigning six errors committed by the trial court. For the following reasons, we grant the motion to withdraw filed by appellate counsel and affirm Defendant's convictions and sentences.

Facts
During the evening of August 7, 1999, Defendant went to the home of Laquisha Peterson and her fiancee, Abraham Sion. He argued with Mr. Sion, then left. He returned the next day and again argued with Mr. Sion. Then, he left again, but returned a short time later. This time he shouted profanities at Ms. Peterson and threatened her with a gun that he got from the truck he was driving; then, he got into the truck and drove off. Later, Defendant was stopped by a police officer; he jumped out of the truck and ran from the officer. During a search of the truck driven by Defendant, a gun with an obliterated serial number was found. Approximately two weeks later, Defendant was found and arrested.
Ms. Peterson testified about Defendant's encounters with her and Mr. Sion. Her testimony was corroborated by Inga Dixon and Michael Breaux, who had been present at different times when Defendant was at her residence on August 8.

Errors Patent
We have reviewed the record for errors patent as required by La.Code Crim.P. art. 920 and found that the trial court improperly informed Defendant that the two-year prescriptive period for filing post-conviction relief began on the date he was sentenced. Further, Defendant was given a form which incorrectly indicated that the prescriptive period for seeking post-conviction relief was three years. Pursuant to La.Code Crim.P. art. 930.8, the prescriptive period for filing post-conviction relief is two years and begins to run when the judgment of conviction and sentence become final. Accordingly, the trial court is directed to inform Defendant of the correct provisions of Article 930.8 by sending him appropriate written notice within ten days of the rendition of this opinion and to file written proof that he received the notice in the record of this proceeding.

Motion to Withdraw
The supreme court clarified the requirements of an Anders brief in State v. Jyles, 96-2669, pp. 2-3 (La.12/12/97); 704 So.2d 241, 241-42 (alteration in original):
An Anders brief need not catalog tediously every meritless objection made at trial or by way of pre-trial motions *776 with a labored explanation of why the objections all lack merit. See Jones v. Barnes, 463 U.S. 745, 752-53, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 (1983) ("There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.... [I]mpos[ing] on appointed counsel a duty to raise every `colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies Anders"). Nevertheless, "[u]nlike the typical advocate's brief in a criminal appeal, which has as its sole purpose the persuasion of the court to grant relief," the Anders brief must "assure the court that the indigent defendant's constitutional rights have not been violated." McCoy [v. Court of Appeals of Wisconsin, Dist. 1], 486 U.S. [429] at 442, 108 S.Ct. [1895] at 1903 [100 L.Ed.2d 440 (1988)]. Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.... Independent review of the record by the appellate court, or the opportunity of the defendant to file his own brief, while providing important and necessary safeguards, cannot substitute for the essential equal protection requirement that appointed counsel representing an indigent defendant "act in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae." Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).
The supreme court also confirmed its general endorsement of Benjamin, 573 So.2d 528, emphasizing that counsel's brief "must review not only the procedural history of the case and the evidence presented at trial but must also provide ... `a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" Jyles, 704 So.2d at 242, (quoting State v. Mouton, 95-981, p. 2 (La.4/28/95); 653 So.2d 1176, 1177).
We have thoroughly reviewed the record and appellate counsel's brief. Defendant was properly charged by bill of information with possession of a firearm by a convicted felon and possession of a firearm from which the serial number had been obliterated; he was present at all crucial stages of the proceedings; he was convicted of both charges by a twelve member jury; and he was legally sentenced on each conviction. We found no ruling that provided an arguable basis for appeal and grant the motion to withdraw.

Pro Se Assignments of Error

Sufficiency of the Evidence
Defendant claims the evidence was insufficient to convict him beyond a reasonable doubt. Specifically, he attacks the testimony of Ms. Peterson, Ms. Dixon, and Mr. Breaux. He asserts there are inconsistencies between the testimony of Ms. Peterson and Ms. Dixon regarding the whereabouts of Mr. Breaux when Ms. Peterson claims that Defendant had the gun in his possession. He claims that Mr. Breaux, a convicted felon, lied and that Mr. Breaux, not him, was in possession of the gun. He urges that his own testimony was more probable.
"In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. *777 Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).... [T]he appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." State v. Captville, 448 So.2d 676, 678 (La.1984).
State v. Neal, 00-674, p. 6 (La.6/29/01); 796 So.2d 649.
Defendant's arguments attack the jury's findings of credibility. The testimony of Ms. Peterson, Ms. Dixon, and Mr. Breaux was corroborated by the testimony of each other. Defendant's testimony was not corroborated. The jury was free to accept all or none of each witnesses' testimony. State v. Hongo, 625 So.2d 610 (La.App. 3 Cir.1993), writ denied, 93-2774 (La.1/13/94); 631 So.2d 1163. "[I]n the absence of internal contradictions or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient to support the requisite factual conclusion." Id. at 616. Apparently, the jury accepted the testimony of the Prosecution's witnesses, not Defendant's. There is no basis in the record for us to disregard the jury's credibility assessments of the witnesses.
It is illegal for a person convicted of aggravated battery to possess a firearm less than ten years after the completion of his sentence, probation, parole, or the suspension of his sentence for that conviction. La.R.S. 14:95.1. Bobby Lafleur, Defendant's parole supervisor, testified that Defendant was convicted of aggravated battery on July 9, 1991, and was sentenced on September 27, 1991, to serve ten years at hard labor. He was released on parole on April 16, 1996, and his parole would not have terminated until November 6, 2000. Accordingly, he could not have legally possessed a firearm until November 6, 2010, and his possession of a firearm on August 8, 1999, was a violation of La.R.S. 14:95.1.
La.R.S. 40:1792(A) makes it illegal for a person to possess a firearm with a serial number that has been "intentionally obliterated, altered, removed, or concealed." Officer Soileau testified that the serial number on the gun found in the truck Defendant was driving was obliterated. Ms. Peterson, Ms. Dixon, and Mr. Breaux identified the gun as the one Defendant had when he argued with Ms. Peterson.
This assignment is without merit.

Transcript of Voir Dire and Reading of the Indictment
Defendant argues that the transcript of this matter is incomplete because it does not contain the jury selection portion of the proceedings and the reading of the indictment. He requests that he be provided with a transcript of these portions of the proceedings and be allowed time to prepare a supplemental brief.
The record discloses that Defendant appeared in open court on June 5, 2000, waived formal arraignment, and pleaded not guilty. Accordingly, there was no need to read his indictment in open court and no record of a formal arraignment exists.
Upon review of Defendant's assignments of error, this court contacted the court reporter who recorded the trial proceedings and asked her to review the voir dire portion of the trial for objections. After reviewing the voir dire, the court reporter prepared an affidavit, stating that one objection was made by defense counsel during voir dire. She prepared an excerpt of the voir dire which included a portion of the voir dire before and after the objection was made. No basis for the objection was stated on the record. Only an objection properly stated preserves an error for review on appeal. La.Code Evid. art. 103. *778 When an objection is raised, but no basis for the objection is stated, it does not serve as a basis for error on appeal. La. Code Evid. art. 103(A)(1). The one objection raised by Defendant cannot serve as a basis for error on appeal.
Additionally, we observe that the objection was made as the Prosecution directed questions to a member of the jury venire, David Briggs, who ultimately served on the jury panel for the trial. Defendant did not use a peremptory challenge to remove Mr. Briggs from the panel, nor did he seek to challenge him for cause. The minutes of court reflect that Defendant used only two peremptory challenges during jury selection when he had twelve peremptory challenges available to him. La.Code Crim.P. art. 799. If Defendant believed that any prejudice had resulted from the Prosecution's question to Mr. Briggs, he could have excluded him from the jury panel by using a peremptory challenge. He did not, and he cannot now argue that he was prejudiced by the question or response.
Defendant also asks this court to review the record for errors patent, including, but not limited to the trial court's selection of the jury approximately thirty days prior to trial. He asserts that the lengthy delay prejudiced him because the jury may have forgotten the trial court's charge that he was innocent until proven guilty. He also claims the jury may have obtained information about him that would have affected their impartiality.
The jury was selected on October 4, 2000, and trial was commenced on October 30. Our error patent review did not reveal anything that would serve as a basis for Defendant's claims. Defendant has not set forth any basis for his speculations on this issue, and our review of the record has not revealed one.
This assignment is without merit.

Double Jeopardy
Defendant next asserts that his trial and conviction for two crimes that involve the same gun during the same transaction constitutes double jeopardy. His argument is unfounded.
In State v. Thomas, 95-1646 (La. App. 3 Cir. 5/8/96); 680 So.2d 37, 45 (emphasis in original), this court discussed the tests used by the courts of this state to determine whether a double jeopardy violation has occurred:
Louisiana uses both the "Blockburger test" and the "same evidence test" in determining whether double jeopardy exists. La.Code Crim.P. art. 596; State v. Vaughn [431 So.2d 763 (1983)], supra, and cases cited therein. The "Blockburger test" was set out by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), where the court stated:
`... The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not ...'
The "same evidence test" has been adopted by the Louisiana Supreme Court and was explained by the court in State v. Steele, 387 So.2d 1175 (La.1980), as follows:
`If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the *779 evidence necessary for conviction, not all the evidence introduced at trial ...
The `same evidence test' is somewhat broader in concept than Blockburger, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct.' (Citation omitted). Id. 387 So.2d at 1177 (La.1980).
Therefore, `double jeopardy provisions protect an accused not only from a second prosecution on the same offense, but also from multiple punishments for the same criminal conduct.' State v. Vaughn, supra, at page 767, and cases cited therein.
However, an accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the principle of double jeopardy. State v. Nichols, 337 So.2d 1074 (La.1976). Louisiana has not adopted a `same transaction' test which would prohibit, on double jeopardy grounds, prosecutions for different crimes committed during one sequential, continuing course of conduct. City of Baton Rouge v. Jackson, 310 So.2d 596 (La. 1975).
The evidence necessary to prove Defendant was a convicted felon in possession of a firearm is not sufficient to prove that he possessed a firearm from which the serial number was obliterated and vice versa. The offenses were separate and distinct from each other. No double jeopardy violation occurred.
This assignment has no merit.

Motions for Mistrial
Defendant claims that the trial court failed to grant or deny three motions for mistrial when they were urged by his counsel and that he was prejudiced because without a ruling on each motion he was unable to argue against the rulings and seek an admonishment to the jury on the issues presented by each motion. The record reflects that the trial court properly denied each motion.
Officer Soileau testified that he did not test the gun retrieved from the truck driven by Defendant for fingerprints because of Defendant's presence in the truck with the gun, three witnesses identification of the gun as the one Defendant used when he threatened Ms. Peterson, and his conclusion that Mr. Breaux was not involved with the gun. During Officer Soileau's testimony, defense counsel objected to the leading nature of questions posed by the Prosecutor. His objection was sustained. He also requested a mistrial on the basis that Officer Soileau's testimony that three witnesses had seen Defendant with the gun was highly prejudicial. Officer Soileau's testimony was corroborated by the testimony of Ms. Peterson, Ms. Dixon, and Mr. Breaux, and the jury was free to accept or reject it as credible. The testimony was prejudicial to Defendant to the extent that Officer Soileau accepted the testimony of the three witnesses as credible, but it was not improper.
Defendant next objects to the trial court's denial of a mistrial which was requested by his counsel when he was being questioned by the Prosecution. Defendant was asked if he was previously convicted of aggravated battery and sentenced to ten years. Defense counsel objected on the ground that it was improper to question regarding his sentence for that conviction.
Pursuant to La.R.S. 14:95.1, the Prosecution had to prove that Defendant was in possession of a firearm within ten years of the date of the completion of the sentence, probation, parole, or suspension of the sentence for a prior felony conviction. As *780 previously discussed, this was established with Mr. Lafleur's testimony. Mr. Lafleur testified, without objection by Defendant, that Defendant's sentence on the prior conviction was ten years. Accordingly, the jury knew about Defendant's prior sentence when he was questioned by the Prosecutor.
Defendant did not properly identify the location in the record of his last complained of motion for mistrial. However, on review we found that shortly after the location identified by Defendant, defense counsel objected during the Prosecution's closing argument, asserting that statements being made were not established by the evidence. A review of the objection and the statements immediately preceding the objection, as well as pertinent parts of the record, reveal that the statements were established by the testimony of various witnesses.
This assignment of error is without merit.

Sentencing Errors
Defendant argues that his sentence on the conviction for possession of a firearm by a felon, fifteen years at hard labor without benefit of probation, parole or suspension of sentence and the minimum fine of $1,000.00, is excessive. He also argues that it was error for the trial court to fail to particularize any aggravating factors supporting the sentence and to not allow him the opportunity to present mitigating factors.
The trial court stated that it had reviewed Defendant's pre-sentence investigation, noting he had seven previous convictions, five of which were felonies. The trial court further explained that it believed Defendant was an undue risk and that he would continue to commit crime if he was not incarcerated. In the trial court's opinion, there were no mitigating factors, Defendant had no remorse for his crime, and a lesser sentence would deprecate the seriousness of the crime.
Article 894.1(A) provides sentencing guidelines that trial court's are to consider when imposing sentences. A trial court need not reference all aggravating and mitigating factors listed in Article 894.1(A); however, "the record must reflect that [the trial court] adequately considered [the codal] guidelines in particularizing the sentence to the defendant." State v. Smith, 433 So.2d 688 (La.1983). The trial court's statements during sentencing reveal that it did give consideration to the requirements of Article 894.1.
Defendant's sentence of fifteen years is the maximum provided for by the statute; his fine was the minimum. Considering Defendant's five prior felony convictions and the nature of his latest convictions, we find no error with the sentence imposed.

Ineffective Assistance of Counsel
Defendant claims that his trial attorney was ineffective in presenting his defense, setting forth a number of instances in which the attorney's representation was lacking, one being that his attorney did not inform him that he could have worn civilian clothes during the trial.
Ineffective assistance of counsel claims are generally more properly raised in applications for post-conviction relief rather than on appeal; however, an appellate court may consider the issue if the record is sufficient. State v. Brumfield, 96-2667 (La.10/20/98); 737 So.2d 660, cert. denied, 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 362 (1999). The record before this court is insufficient to allow us to adequately consider Defendant's claims on this issue, and they are relegated to postconviction relief.

*781 Decree

We find there are no claims which would arguably support an appeal and defense counsel's request to withdraw as Defendant's attorney in this matter is granted. Further, we conclude that Defendant's pro se claims are without merit and affirm his convictions and sentences. The case is remanded and the trial court is instructed to inform Defendant of the correct provisions of La.Code Crim. Art. 930.8 by sending him written notice within ten days of the rendition of this opinion and to file written proof of Defendant's receipt of same into the record of this proceeding.
AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS.