# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 05-1338

STATE OF LOUISIANA

VERSUS

LARRY J. WILLIAMS

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 273,837
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy H. Ezell, and James T. Genovese, Judges.

**CONVICTIONS AFFIRMED; REMANDED WITH INSTRUCTIONS.**

G. Paul Marx
Louisiana Appellate Project
Post Office Box 82389
Lafayette, Louisiana 70598
COUNSEL FOR DEFENDANT/APPELLANT:
     Larry James Williams

Larry James Williams
In Proper Person
486265 Camp "C" Wolf-3
Louisiana State Penitentiary
Angola, Louisiana 70712

James C. Downs
District Attorney - Ninth Judicial District
ADA Loren M. Lampert
Post Office Drawer 1472
Alexandria, Louisiana 71309
COUNSEL FOR PLAINTIFF/APPELLEE:
     State of Louisiana

**GENOVESE, Judge.**

Defendant appeals his convictions of aggravated rape, aggravated burglary, and first degree robbery. For the following reasons, we affirm.

## PROCEDURAL HISTORY

Defendant, Larry J. Williams (Williams), was charged by indictment on June 10, 2004 with one count of aggravated rape, a violation of La.R.S. 14:42, one count of aggravated burglary, a violation of La.R.S. 14:60, and one count of armed robbery, a violation of La.R.S. 14:64. Williams entered a plea of not guilty to all charges on June 18, 2004.

Trial by jury commenced on January 4, 2005. On January 6, 2005, the jury returned a verdict of guilty of aggravated rape, aggravated burglary, and the lesser offense of first degree robbery. Williams was sentenced on March 7, 2005 to life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence for aggravated rape, to forty years without benefit of parole, probation, or suspension of sentence for first degree robbery, and to thirty years at hard labor for aggravated burglary. A motion for appeal was filed on August 9, 2005.

Williams is before this court asserting two assignments of errors. In the first assignment of error, he contends the verdicts of guilty of aggravated rape, aggravated burglary, and first degree robbery, arising from one set of facts, are unconstitutional because they violate fundamental due process by imposing multiple punishments for a single act; therefore, all verdicts should be set aside. In the second assignment of error, he contends the verdict of guilty of aggravated rape is not sustainable because there was no evidence of a weapon or use of a weapon during the commission of the crime. These assignments lack merit.

1

## FACTS

On April 8, 2004, H.W.[1] went to a casino with her friend and returned home at approximately 11:30 p.m. She went to bed at 12:00 a.m. and was later awakened when a man jumped on top of her. The man proceeded to remove H.W.'s panties and gown, and then raped her.

After the rape, the man walked H.W. from her bedroom and demanded that she take him to her money. H.W. showed the man where her purse was. He then dumped its contents and took all of her money. The man subsequently rifled through H.W.'s closet looking for money and guns.

After that, the man pushed H.W. back into her bedroom where he made her lay on the bed and covered her with a comforter. The man then jerked the phone cord from the wall and left.

Williams was later arrested and admitted breaking into H.W.'s home, raping her, and then removing property from her storeroom.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there are no errors patent.

However, this court notes that the minutes of sentencing fail to reflect that the trial court sentenced Williams to thirty years at hard labor for aggravated burglary. The minutes also fail to reflect that the trial court ordered the forty-year sentence for first degree robbery to be served without benefit of parole. This case is remanded to the trial court with instructions to amend the sentencing minutes accordingly.

---

[1]The initials of the victim will be used in accordance with La.R.S. 46:1844(W)(1)(a).

## ASSIGNMENT OF ERROR NO. 2[2]

In this assignment of error, Williams contends that the verdict of guilty of aggravated rape is not sustainable because there was no evidence of a weapon or use of a weapon during the commission of the crime.

Because Williams alleges that the trial evidence was insufficient to support his conviction. As instructed by *State v. Hearold*, 603 So.2d 731 (La.1992), assignments concerning the sufficiency of the evidence are to be addressed first.

> When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, the appellate court "must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Neal*, 00-0674, (La.6/29/01) 796 So.2d 649, 657 (citing *State v. Captville*, 448 So.2d 676, 678 (La.1984)).

*State v. Brown*, 03-897, p. 22 (La. 4/12/05), 907 So.2d 1, 18.

Williams was found guilty of aggravated rape, a violation of La.R.S. 14:42. Aggravated rape is defined, in pertinent part, as "a rape committed upon a person sixty-five years of age or older." *See* La.R.S. 14:42.

H.W. testified that she was seventy-eight years of age at the time of trial and was born on December 29, 1926. The record indicates that during the rape, the man's penis penetrated H.W.'s vagina, and H.W. testified that she did not consent to this sexual encounter. Rape is defined as "the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent." *See* La.R.S. 14:41. Williams' conduct constituted a rape of the victim.

Williams gave two statements to police on April 10, 2004, which were admitted

---

[2]Williams' assignments of error will be addressed in reverse order due to the legal requirement of addressing claims of insufficiency of the evidence first.

into evidence. In these statements, Williams acknowledged that he had sex with a lady inside a house he had broken into.

Jennifer Valentine testified that the DNA profile obtained from the sperm found on the vaginal swab taken from H.W. was consistent with Williams' DNA. Detective William Bates testified that the latent print he lifted from a money box found inside H.W.'s storeroom matched Williams' fingerprints. Additionally, Williams was fingerprinted in court and Detective Bates confirmed that the print found on the metal box was a print from Williams' right ring finger.

Therefore, the evidence was sufficient to support the jury's verdict of guilty of aggravated rape. Considering the precise language of La.R.S. 14:42, the State need not present evidence that Williams used a weapon during the offense. Accordingly, this assignment lacks merit.

### ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, Williams contends that the verdict of guilty of aggravated rape, aggravated burglary, and first degree robbery, arising from one set of facts, is unconstitutional because it violates fundamental due process by imposing multiple punishments for a single act; therefore, all verdicts should be set aside. Williams contends that the battery he committed was a rape. Since the aggravated burglary charge was based on the rape charge, this court should vacate his conviction for aggravated burglary.

In his discussion, Williams only addresses his convictions for aggravated rape and aggravated burglary, and asks that his conviction for aggravated burglary be set aside. Accordingly, we will address Williams' convictions for aggravated rape and aggravated burglary only.

4

Both the United States and the Louisiana Constitutions provide that no person shall twice be put in jeopardy of life or liberty for the same offense. U.S. CONST. amend. V; LA. CONST. ART. 1, § 15. In interpreting the Double Jeopardy Clause of the Fifth Amendment, the federal courts employ the test enunciated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
> . . . .
> In evaluating claims of double jeopardy under . . . LA. CONST. art. 1, § 15, Louisiana courts have used the "same evidence" test, which we have remarked is "somewhat broader in concept than *Blockburger*." *State v. Steele*, 387 So.2d 1175, 1177 (1980). The same evidence test has been stated as follows:
>
> > If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.

*Id*.

*State v. Cotton*, 00-0850, pp. 4-5 (La. 1/29/01), 778 So.2d 569, 573, *rehearing granted in part*, 00-0850 (La. 4/20/01), 787 So.2d 278.

> However, an accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the principle of double jeopardy. *State v. Nichols*, 337 So.2d 1074 (La.1976). Louisiana has not adopted a "same transaction" test which would prohibit, on double jeopardy grounds, prosecutions for different crimes committed during one sequential, continuing course of conduct. *City of Baton Rouge v. Jackson*, 310 So.2d 596 (La.1975).

*State v. Jones*, 01-539, p. 8 (La.App. 3 Cir. 10/31/01), 799 So.2d 772, 779, *writ denied*, 01-3310 (La. 12/13/02), 831 So.2d 975, *citing State v. Thomas*, 95-1646 (La.App. 3 Cir. 5/8/96), 680 So.2d 37.

### *BLOCKBURGER* TEST

As previously noted, the *Blockburger* test requires that each of the two statutory violations requires proof of an additional fact which the other does not.

Williams was convicted of aggravated rape and aggravated burglary. In the case *sub judice*, aggravated rape is "a rape committed upon a person sixty-five years of age or older." *See* La.R.S. 14:42. Rape is defined as "the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent." *See* La.R.S. 14:41.

Williams was also convicted of aggravated burglary. Louisiana Revised Statute 14:60 defines aggravated burglary as follows:

> Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
> (1) Is armed with a dangerous weapon; or
> (2) After entering arms himself with a dangerous weapon; or
> (3) Commits a battery upon any person while in such place, or in entering or leaving such place.

The crime of aggravated burglary requires proof of additional facts not contained in aggravated rape. In this case, the State need only prove that Williams had non-consensual sex with H.W., and that H.W. was over the age of sixty-five to support a conviction for aggravated rape. To prove that Williams committed the crime of aggravated burglary, the State was required to prove Williams unlawfully entered H.W.'s home and committed a battery or armed himself with a dangerous weapon while in H.W.'s home.

The crimes of aggravated rape and aggravated burglary each require proof of an additional element different from the other. Thus, based on the *Blockberger* test, double jeopardy does not exist.

### SAME EVIDENCE TEST

Under the same evidence test, if the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the

6

same offense under a plea of double jeopardy.

The evidence in the record indicated that Williams raped H.W., then picked up a club, grabbed H.W. by the arm, and forced her into the kitchen. Once in the kitchen, Williams hit H.W. in the arm twice and took money from her purse. He then demanded that H.W. take him to her closet where he searched for money and hit her on the arm again.

Williams raped H.W., who was seventy-seven years old, and that is the only evidence needed to support the crime of aggravated rape. Williams entered H.W.'s home without her consent and hit her on the arm three separate times while in her home. Additionally, Williams armed himself with what H.W. described as a club.

The crimes of rape and aggravated burglary are separate and distinct offenses. Williams could be convicted of aggravated rape without proof that an aggravated burglary occurred. Additionally, he could have been convicted of aggravated burglary without proof that a rape occurred, considering the fact that he committed a battery upon H.W. when he struck her in the arm and armed himself with a club. Separate and distinct evidence was present for both crimes, and we find prosecution and conviction for both offenses did not subject Williams to double jeopardy. Accordingly, this assignment of error also lacks merit.

**DECREE**

Williams' convictions are affirmed. This case is remanded to the trial court with instructions to amend the sentencing minutes to reflect that the trial court sentenced Williams to thirty years at hard labor for aggravated burglary and to order the sentence imposed for first degree robbery to be served without benefit of parole.

**CONVICTIONS AFFIRMED; REMANDED WITH INSTRUCTIONS.**

7