# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1116

**STATE OF LOUISIANA**

**VERSUS**

**CHRISHON M. ARCHIELD**

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR598-08
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**CONVICTIONS AFFIRMED. SENTENCE FOR AGGRAVATED BURGLARY AFFIRMED. SENTENCE FOR AGGRAVATED RAPE AFFIRMED AS AMENDED. REMANDED WITH INSTRUCTIONS.**

**David W. Burton**
**District Attorney**
**Richard F. Blankenship**
**Assistant District Attorney**
**Post Office Box 99**
**DeRidder, LA 70634**
**(337) 463-5578**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**G. Paul Marx**
**Post Office Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Chrishon M. Archield**

AMY, Judge.

The defendant was convicted of one count of aggravated rape and one count of aggravated burglary. He was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence for the aggravated rape and thirty-years imprisonment at hard labor for the aggravated burglary. The trial court ordered the defendant to serve the sentences consecutively. The defendant appeals his convictions as violations of the prohibition against double jeopardy. He also argues his convictions were based upon unconstitutionally applied evidence and that his sentences are excessive. For the following reasons, we affirm the defendant's convictions, affirm the aggravated burglary sentence, and affirm the aggravated rape sentence as amended. We remand for the limited purpose of correcting the minutes.

**Facts and Procedural History**

The offenses alleged in this matter occurred on May 30, 2008 in DeRidder, Louisiana. C.S.[1] testified that on that day, the defendant, who was an ex-boyfriend of C.S., appeared at her front door and asked if he could speak with her. She stated that when she told the defendant that they could step outside and talk, he became enraged and forced himself into her house. Once inside, the defendant allegedly began to hurl insults at C.S., who became terrified and attempted to flee. C.S. testified that the defendant caught her, dragged her to the living room, knocked her to the floor by punching her, and demanded she "shut up". She further recalled that the defendant grabbed a vase in the living room, threatened to hit her with the vase, and beat her about the head with his fist until he successfully removed her lower garments. C.S. testified that the defendant demanded that she get up from the living

_____

[1] Pursuant to La.R.S. 46:1844(W), the victim's initials are used throughout for confidentiality purposes.

room floor and go into the bedroom. Once in the bedroom, the defendant pushed her on the bed, threatened to kill her, and then raped her.

C.S. testified that after he raped her, the defendant dressed and left the home, taking C.S.'s cell phone with him. C.S. then used her home phone and called her sister, who was out shopping. After C.S. told her sister that she had been raped by the defendant, her sister reported the crime to a police officer who was working security detail in the store where C.S.'s sister was shopping. That police officer made a request over the police radio for patrol officers to respond to a disturbance at C.S.'s home.

Officer Timothy Hardy and Lieutenant Greg Hill responded to the call. Officer Hardy testified that while taking C.S.'s statement, he noticed "a bruise to the left side of her face, and it was beginning to swell." Before sending her to the hospital, the officers photographed several bruises on the face, arm, and foot of C.S. The officers also took pictures of the crime scene.

Officer Hardy also gathered information from C.S. about the defendant, including a description of the vehicle he was driving, and gave that information over the radio to other patrol officers. The record indicates that while the officers were still attending to C.S. at the crime scene, the defendant was detained by responding patrol officers.

The defendant was charged by indictment with aggravated burglary, a violation of La.R.S. 14:60, and two counts of aggravated rape, violations of La.R.S. 14:62. Following a trial on the merits, the jury found the defendant guilty as charged on one count of aggravated rape and aggravated burglary; it acquitted the defendant of the second aggravated rape charge.

2

Following the convictions, the trial court sentenced the defendant to life imprisonment without benefit of probation, parole, or suspension of sentence for the aggravated rape and thirty-years imprisonment at hard labor for the aggravated burglary. The trial court ordered the defendant to serve these sentences consecutively.

The defendant appeals, asserting that:

1. The convictions in this case violate the Constitutional Prohibitions against Double Jeopardy because the same facts are relied upon for the Aggravated Burglary and the Aggravated Rape. The unlawful entry was enhanced to Aggravated Burglary by the commission of Aggravated Rape, and as such there could not be additional punishment for the separate element of Aggravated Burglary. The effect was to impose two punishments for a single act.

2. The sentence in this case is excessive because the Trial Court imposed Life without benefit of Parole, Probation or Suspension of Sentence consecutive to Thirty Years Hard Labor for a single act or continuum of acts. The sentence also sought to deny "good time" or other diminution of sentence.

3. The provisions of the Code of Evidence regarding "lustful disposition" evidence were unconstitutionally applied to deny Archield the Presumption of Innocence because they enhanced the credibility of the victim with mere "clear and convincing" allegations. The application of Article 412.2 was unfairly prejudicial and the Trial Court erroneously applied Federal Law in contravention of the Louisiana enactment which is more narrow.

**Discussion**

*Error Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. We have identified one error patent requiring amendment to the defendant's conviction for aggravated rape. We discuss this below, however, in the context of the defendant's assignment of error as to sentencing.

3

*Double Jeopardy*

The defendant argues his convictions for aggravated rape and aggravated burglary violate the constitutional prohibitions against double jeopardy. Both the United States and Louisiana Constitutions prohibit double jeopardy; the imposition of multiple punishments for a single criminal act. *See* U.S. Const. amend. V; La.Const. art. 1, § 15. *See also*, La.Code Crim.P. art. 591. Louisiana courts use two methods, the "Blockburger Test" and the "same evidence test", to determine whether double jeopardy exists. *State v. Williams*, 07-931 (La. 2/26/08), 978 So.2d 895.

In *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182 (1932), the United States Supreme Court interpreted the Fifth Amendment's prohibition of double jeopardy and enunciated the following test to be employed by the federal courts, as follows:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

In interpreting Article 1, Section 15 of the Louisiana Constitution, Louisiana courts have also used the broader "same evidence test" which provides:

> If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.

*State v. Cotton*, 00-850, p. 5 (La. 1/29/01), 778 So.2d 569, 573, quoting *State v. Steele*, 387 So.2d 1175, 1177 (La.1980).

The defendant argues that his convictions for aggravated rape and aggravated burglary violate double jeopardy "because the same facts are relied upon for the

4

Aggravated Burglary and the Aggravated Rape. The unlawful entry was enhanced to Aggravated Burglary by the commission of Aggravated Rape, and as such there could not be additional punishment for the separate element of Aggravated Burglary."

The relevant provisions of the indictment, that is the charges the defendant was ultimately convicted of, charged the defendant with aggravated burglary, a violation of La.R.S. 14:60, "by the unauthorized entry of the inhabited dwelling of C.S., with the intent to commit a felony or theft therein and after entering did commit a battery upon C.S.[.]" Further, it charged the defendant with aggravated rape, a violation of La.R.S. 14:42(A)(2), "by having vaginal intercourse with C.S., without the lawful consent of C.S., who was prevented from resisting the acts by threats of great and immediate bodily harm, accompanied by apparent power of execution[.]" Aggravated burglary is defined in La.R.S. 14:60 as the:

> [U]nauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
>
> > (1) Is armed with a dangerous weapon; or
> > (2) After entering arms himself with a dangerous weapon; or
> > (3) Commits a battery upon any person while in such place, or in entering or leaving such place.

Louisiana Revised Statutes 14:42(A)(2) defines aggravated rape, as follows:

> A. Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
>
> . . . .
>
> (2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.

*Blockburger Test*

As previously noted, to determine whether the defendant's convictions violated prohibitions against double jeopardy, courts employ the *Blockburger* test which requires that each of the statutory violations require proof of an additional fact which the other does not. *Blockburger*, 284 U.S. 299, 52 S.Ct. 180. In the present case, there is no double jeopardy under the *Blockburger* test because aggravated burglary requires the unique element of "unathorized entry of any inhabited dwelling . . . ." *See* La.R.S. 14:60. On the other hand, aggravated rape requires proof of the unique element of "sexual intercourse." *See* La.R.S. 14:42(A)(2); *See also State v. Williams*, 05-1338 (La.App. 3 Cir. 3/1/06), 924 So.2d 1159, *writ denied*, 06-1471 (La. 12/15/06), 944 So.2d 1284.

*Same Evidence Test*

Under the same evidence test, if the evidence required to support a conviction for one crime would also have supported the conviction of the other crime, the two crimes are the same offense and thus violate double jeopardy. *Williams*, 924 So.2d 1159. *See also, Cotton*, 778 So.2d 569.

At trial, C.F. testified that the defendant forcibly entered her home, without authority, and to accomplish this entry, shoved C.S. Additionally the record reveals that after the defendant gained entry into the home, he proceeded to grab C.S., knock her to the floor and drag her into the living room, all while beating C.S. about the head and face with his fists. C.S. testified that after the defendant gained entry into her home, he lifted a vase off the living room table and threatened to harm C.S. with it if she did not cooperate.

6

Chief of Police John Gott, testified that when he arrived at the crime scene, C.S.'s face appeared to be red and swollen. Dr. John McMillian, the emergency room physician who examined C.S., testified that she sustained injuries to her face and head which were consistent with her allegations that she had been hit with a fist. Additionally, Dr. McMillian testified that C.S. also sustained deep impact bruising to her arm which indicated that C.S. had been "held down" and injuries "like a carpet burn" to the top of her foot, indicating that C.S. had been pulled across the floor.

In regard to the aggravated rape conviction, C.S. testified that the defendant demanded she go into the bedroom and that he pushed her onto the bed. She stated further that "he was looking around the room, looking for something to - - He said he was going to kill me." After this threat, C.S. testified that the defendant raped her, and she complied out of fear. Dr. McMillian testified that upon examination of C.S., "it was [his] impression that [C.S.] had been sexually assaulted."

The record supports the determination that in the present matter the crimes of aggravated rape and aggravated battery were separate and distinct offenses. The defendant could have been convicted of aggravated rape without proof that an aggravated burglary occurred. The evidence adduced through testimony showed that the defendant had non-consensual sexual intercourse with C.S. and C.S. was prevented from resisting because the defendant threatened to kill her with the apparent power to execute that threat. La.R.S. 14:42(A)(2).

Further, the defendant could have been convicted of aggravated burglary without proof that any rape occurred, considering that he committed battery[2] upon C.S. by hitting, dragging and shoving her, after he forcibly gained entrance into the

---

[2] "Battery is the intentional use of force or violence upon the person of another." La.R.S. 14:33.

7

house. La.R.S. 14:60(3). Also, aggravated burglary could have been proven under the second aggravating factor of La.R.S. 14:60 - - when a perpetrator arms himself with a dangerous weapon after entering the inhabited dwelling. A dangerous weapon is defined as instrument "which, in the manner used, is calculated or likely to produce death or great bodily harm." La.R.S. 14:2(3). A vase held over one's head in the manner presented in this case, arguably constitutes a dangerous weapon.

Separate and distinct evidence was presented for both crimes, thus we find that the conviction for both offenses of aggravated rape and aggravated burglary did not subject the defendant to double jeopardy.

This assignment lacks merit.

*Excessiveness of Sentence*

Following his convictions, the trial court sentenced the defendant to life imprisonment without the benefit of probation, parole, or suspension of sentence for the aggravated rape and thirty-years imprisonment at hard labor for the aggravated burglary. The defendant asserts that his sentences are constitutionally excessive in that the trial court ordered them to run consecutively. He contends that imposing a thirty-year sentence in addition to his life sentence is excessive because, realistically, he will not be able to serve the additional thirty years at the conclusion of his life sentence.

This court has set out a standard to be used in reviewing excessive sentence claims, as follows:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless

8

imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p.12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

Related jurisprudence adds further structure to the analysis:

In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Louisiana Code of Criminal Procedure Article 883 provides in pertinent part:

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.

Generally, while La.Code Crim.P. art. 883 favors the imposition of concurrent sentences for convictions based upon the same act or transaction, or part of a common

9

scheme or plan, the trial court retains its discretion to impose consecutive sentences, if it has a particular justification for doing so. *State v. Walker*, 00-3200 (La. 10/12/01), 799 So.2d 461. The egregiousness of the offense, the vulnerability of the victim, the harm done to the victim, a defendant's criminal history, whether the defendant poses a danger to the public, and the potential for the defendant's rehabilitation are several factors to be considered by the trial court when imposing consecutive sentences. *State v. Leyva- Martinez*, 07-1255 (La.App. 3 Cir. 4/30/08), 981 So.2d 276, *writ denied*, 08-1200 (La. 1/30/09), 999 So.2d 747.

At sentencing, the trial court stated the following:

> In arriving at the appropriate sentence in this matter, the Court has reviewed the entire record, including all discovery provided by the Office of the District Attorney to the defendant in the course of trial preparation, the presentence investigation report from the Louisiana Department of Public Safety and Corrections dated June 24, 2009. The Court has also considered the testimony from the trial held in this matter, and the Court has reviewed all of the factors of sentencing as per Article 894.1 of the Code of Criminal Procedure.

> The Court in this matter, in particular, notes the extensive criminal history of the defendant, including a felony conviction for second-degree battery in 1992, at least four DWI convictions or charges, a . . . felony conviction of molestation of a juvenile from 1996, a felony conviction of second-degree battery from 2001, as well as a[n] aggravated battery felony conviction from 1997, as well as the Court takes notice of the testimony received in this matter at the other crimes hearing of the sexually assaultive behavior of this defendant in 2005. Even though that did not result in a charge or conviction, the Court does take notice of the defendant's conduct as testified to in that matter. The bottom line is that Mr. Archield has been convicted of a very serious charge and perhaps received significant benefits in the past from plea bargains that reduced charges that would have been this serious in the past.

The record reflects that the trial court was persuaded to impose consecutive sentences in light of the defendant's extensive criminal history, persistence in

10

committing sex offenses, and ineffectiveness of previous leniency by the courts in persuading the defendant to cease his criminal behavior.

The trial court considered appropriate factors and particularized its reasons for imposing consecutive sentences. Thus, we find that it did not abuse its discretion in sentencing this defendant.

*Diminution of Sentence*

The defendant asserts that the trial court erred in sentencing because the penalty "sought to deny 'good time' or other diminution of sentence." At the sentencing hearing, the trial court stated as follows:

> The sentence that will be imposed on count 2, the aggravated rape count, is a mandatory sentence without discretion by the Court; and the Court will impose the sentence that the defendant be committed to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
>
> I will note for sentencing that the defendant -- this is a sexual offense for which the defendant would be required to register as a lifetime registered sex offender under Title 15, and I order that the defendant comply with all provisions of the sexual registration laws. Also, I will note for the record that that sentence -- that the defendant is not eligible for diminution of sentence under the law for that conviction, as well.
>
> On the count 1 conviction of aggravated burglary, the sentence range is from one to thirty years. It will be the sentence of the Court in this matter that, considering the conduct of this defendant, that the defendant be sentenced to thirty years at hard labor with the Department of Corrections, that that sentence is to run consecutive to the sentence in count 2. That also in that sentence, the defendant, as per Article 890.1 of the Code of Criminal Procedure, the defendant is denied eligibility for diminution of sentence in that matter, as well.

Louisiana Code of Criminal Procedure Article 890.1 provides:

> A. When the court imposes a sentence, the court shall designate whether the crime involved is a crime of violence or an attempted crime of violence as defined or enumerated in R.S. 14:2(B).

11

B. Notwithstanding any provision of law to the contrary, if a person is convicted of or pleads guilty to a crime of violence as defined or enumerated in R.S. 14:2(B) and is sentenced to imprisonment for a stated number of years or months, the sentencing court may deny or place conditions on eligibility for diminution of sentence for good behavior unless diminution of sentence is prohibited by R.S. 15:571.3(C) or (D).

The trial court stated that "as per Article 890.1 of the Code of Criminal Procedure, the defendant is denied eligibility for diminution of sentence" for aggravated burglary. Aggravated burglary is one of the enumerated crimes of violence in La.R.S. 14:2(B). Additionally, the sentence for aggravated burglary was imposed for thirty years, which is a definite number of years. Accordingly, the trial court had the authority under La.Code Crim.P. art. 890.1 to deny diminution of sentence for aggravated burglary. *See State v. H.L.J.*, 08-1070 (La.App. 3 Cir. 4/1/09), 6 So.3d 997.

Aggravated rape is listed as a crime of violence under La.R.S. 14:2(B). However, the defendant was sentenced to life imprisonment for aggravated rape, and life imprisonment is not a sentence that is stated for a number of years of months. *See State v. Prejean*, 08-1192 (La. 2/6/09), 999 So.2d 1135 (wherein the supreme court discussed that under La.R.S. 15:537(A), an identical provision as La.R.S. 890.1(B), a life sentence is not the type of sentence defined in these statutes as "imprisonment for a stated number of years or months"). Because life imprisonment is not a sentence for a stated number of years or months, the trial court lacked authority to deny eligibility for diminution of sentence pursuant to La.Code Crim.P. art. 890.1. Accordingly, that portion of the sentence is deleted, and the trial court is instructed to note the change in the court minutes.

12

*Evidence of Other Crimes*

In his last assignment of error, the defendant contends that:

> The provisions of the Code of Evidence regarding "lustful disposition" evidence were unconstitutionally applied to deny [him] the Presumption of Innocence because they enhanced the credibility of the victim with mere "clear and convincing" allegations. The application of Article 412.2 was unfairly prejudicial and the Trial Court erroneously applied Federal Law in contravention of the Louisiana enactment which is more narrow.

On May 27, 2009, the State filed a Notice of Intent to Introduce Evidence Pursuant to C.E. Article 412.2. The notice stated that it intended to offer evidence of three other identified sexual assault victims "to show defendant's intent to have sexual intercourse with the victim without her consent." The notice also included a request by the State to have a hearing to determine the admissibility of the evidence.

Subsequently, the trial court held a hearing on the admissibility of the other crimes evidence. The State called three prior victims of the defendant to testify[3] as to sexual assaults perpetrated by the defendant. S.S. testified that she and others were walking in Ruston, Louisiana, when the defendant stopped and asked them for directions. S.S. recalled that she volunteered to get in the defendant's car to help him find his location. She related that, after showing the defendant his desired location, he refused to let her out of the car and attempted to rape her. A physical altercation ensued and, after being beaten, S.S. managed to escape from the defendant and alert the police. The defendant ultimately pled guilty to aggravated battery of S.S. in June 1997.

---

[3] While three woman testified at the hearing on the admissibility of the evidence, the State did not call one of the women, L.H., to testify at trial. Also, the State did not directly solicit any information about the crime involving L.H.

E.F. testified that the defendant, who at the time was dating a friend of E.F., offered to bring her to a graduation party for her friend. E.F. related that the defendant then drove her to a remote area and raped and beat her. The defendant pled guilty to molestation of a juvenile for this offense.

After considering the evidence presented at the hearing, the trial court determined the other sex crimes evidence was admissible under La.Code Evid. art. 412.2. The transcript of that hearing reflects the following:

> In this situation, the evidence is clear that the other crimes, wrongs, or acts do involve either sexually assaultive behavior and/or acts which indicate a lustful disposition towards children or in this situation anyone under the age of 17.
>
> So it clearly fits under 412.2. The question then becomes, one, is it relevant; and then, two, does it meet the balancing test of Article 403.
>
> Article 401 of the Code of Evidence provides that relevant evidence is any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
>
> And as I understand the thrust of this case, the primary issue at trial will be whether the sexual act was consensual or not. And so certainly the evidence that we have heard from the three ladies today is relevant in terms of that particular element of the crime for which Mr. Archield is charged.
>
> So then the question becomes under Article 403 even if relevant as the evidence to be excluded, only if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or considerations of undue delay or waste of time.
>
> Well, in my mind, the only one of those that [on which the evidence] would possibly be excluded because of is if it was a danger of unfair prejudice that outweighed the probative value of the evidence.
>
> And I believe that the appropriate balancing test to be applied is that enunciated in US versus Enjady, 134 Federal 3rd, 1427, Tenth Circuit, 1998, which basically has four prongs of the balancing test.

14

One, how clearly the prior act has been proved; two, how probative the evidence is of the material fact it is admitted to prove; three, how seriously disputed the material fact is; and, four, whether the Government can avail itself of any less prejudicial evidence.

I will take those in order. One, how clearly the prior act has been proved. There's really been no contradictory evidence to contradict the testimony of the three ladies that have testified today.

Mr. Evans has cross-examined them about some of the details of the incident. I don't know if there is other information that would be presented at trial in cross-examination of these ladies; but for the purposes of today's hearing in determining whether it's admissible or not, I find that the prior acts have clearly been proved because there's nothing contradictory that's been testified to.

Two, how probative the evidence is of the material act it is admitted to prove. As to the issue of [sic] whether the conduct that Mr. Archield is on trial for in this matter was consensual or not, certainly the probative value of the testimony today goes to the heart of that material fact that the State is trying to prove.

Thirdly, how seriously disputed that material fact is. As I see the case before the Court that Mr. Archield is to stand trial for, that is the material issue, the very heart of the defense is whether or not the victim consented or didn't consent to the sexual act.

And, four, whether the Government can avail itself of any less prejudicial evidence. And certainly, the Government will have the testimony of the victim in this case; but other than that, I am not aware of any other evidence.

So the bottom line of all of that is I believe that it meets the balancing test of Article 403. Certainly, it's prejudicial. There's no question about that.

The question is whether there is a danger of unfair prejudice. Considering that two of these incidents which were testified to have both resulted in convictions, not necessarily for the crime of rape but both for assaultive and/or sexually assaultive behavior; and two of the incidents and the third instant [sic] as I have indicated, there is nothing at this point of evidence to contradict the testimony.

So I am going to rule that the three sexually assaultive acts, crimes, or wrongs that are being offered in this matter involving [E.F.] on or about May 28th, 1995; [S.S.] on or about August 2nd, 1995; and involving [L.H.] on or about June 11th, 2006, are admissible under the Code of Evidence, Article 412.2. That will be the ruling of the Court.

15

At this point in time, certainly I think as this case goes along, if there was - - Mr. Evans has the right to offer contradictory evidence to contradict the testimony of these witnesses at trial; and Mr. Blankenship and the State can offer other supportive testimony to these witnesses' testimony if this matter goes to trial.

*Burden of Proof*

The defendant argues that the State failed to meet its burden of proof as to the other crimes evidence. Specifically, the defendant argues that proving the other crimes requires the State to present evidence "that is more than a mere statement by a person, or an opinion, or hearsay."

"Commission of another crime, which is independently relevant and admissible, need not be proven beyond a reasonable doubt. It is sufficient if the evidence is clear and convincing." *State v. Davis*, 449 So.2d 466, 467-68 (La.1984)(citation omitted). On review, a trial court's ruling on the admissibility of other crimes evidence will not be overturned absent an abuse of discretion. *State v. Scales*, 93-2003 (La. 5/22/95), 655 So.2d 1326, *cert. denied*, 516 U.S. 1050, 116 S.Ct. 716 (1996).

The record indicates that the testimony presented at trial by E.F. and S.S. was consistent with that testimony offered at trial. The defendant presented no rebuttal evidence, nor does the defendant point to any inconsistencies in support of his argument that the crimes were not proven. Additionally, the State offered into evidence the records indicating the defendant's guilty pleas in the two cases which support the claims of E.F. and S.S. The record indicates that the State offered uncontested testimonial and documentary evidence that the defendant committed the offenses as described by the victims. Accordingly, the defendant's contention that the State presented insufficient evidence is without merit.

16

*Balancing Test*

The defendant claims that the trial court erred in its reliance on the federal case, *United States v. Enjady*, 134 F.3d 1427 (10 Cir. 1998), *cert. denied.*, 525 U.S. 887, 119 S.Ct. 202. Specifically, the defendant contends that the balancing test as enumerated in *Enjady*, and applied by the trial court in the present matter, constituted legal error. The defendant claims that the balancing test required in the present matter is provided in La.Code Evid. art. 403, which provides "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."

The above quoted transcript of the trial court's ruling on the admissibility of other crimes evidence clearly shows that the trial court employed both the *Enjady* balancing test and the test provided in La.Code Evid. art. 403. Louisiana Code of Evidence Article 403 requires an examination of whether the danger of unfair prejudice substantially outweighs the probative value of the evidence. However, the *Enjady* balancing test, as described by the trial court, contains an evaluation, asking: (1) whether the prior act had been clearly proven; (2) how probative the evidence is to the material fact it is introduced to support; (3) how seriously the parties are disputing the material fact; and (4) whether less prejudicial evidence is available to the government. *Enjady*, 134 F.3d 1427. This court has observed "Although the wording of the federal rule differs from the Louisiana rule, as observed by the Louisiana Supreme Court in *Williams*, [830 So.2d 984,] a review of federal jurisprudence reveals the two rules are virtually identical in application." *State v.*

17

*Willis*, 05-218, p.27 (La.App. 3 Cir. 11/2/05), 915 So.2d 365, 386, *writ denied*, 06-186 (La. 6/23/06), 930 So.2d 973.

*Unfair Prejudice*

The defendant contends the use of the La.Code Evid. art. 412.2 evidence unfairly prejudiced his case and denied him his presumption of innocence because it supported the victim's, C.S.'s, credibility.

Louisiana Code of Evidence article 412.2 provides that "evidence of the accused's commission of another sexual offense may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403." "The clear wording of the statute covers evidence of other sexual offenses and anything that forms an integral part of that act." *State v. Willis*, 915 So.2d at 385. This evidence may be admissible for such purposes as motive, intent, plan, preperation, knowledge, identity, or absence of mistake or accident. *Id.*

Here, the State offered evidence in the form of testimony of the defendant's prior victims which revealed that he obtained the compliance of his victims through beating the victims about the head with fist and death threats. The record indicates that C.S., E.F., and S.S. were all treated for injuries resulting from punches to the side of the head. Evidence regarding the type of beatings received in relation to a sexual act would be admissible under La.Code Evid. art. 412.2 as an integral part of the offense. *Willis*, 915 So.2d 365.

However, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."

18

La.Code Evid. art. 403. In the present case, the jury was given a special instruction as to evidence under La.Code Evid. art. 412.2. The instruction stated, in pertinent part:

> Furthermore, Louisiana Code of Evidence Article 412.2 provides that when an accused is charged with a crime involving sexually assaultive behavior, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior may be admissible and may be considered for its bearing on any matter to which it is relevant. It is not to be considered for the purpose of deciding that the defendant is a "bad" person, but rather whether the evidence establishes that the defendant has the propensity to commit the offenses charged in this case. However, it is important to remember that the accused is on trial only for the offenses charged. You may not find him guilty of the offenses charged in the present bill of indictment merely because he may have committed another offense.

We find that the record supports the trial court's determination that the probative nature of the evidence substantially outweighed any risk of unfair prejudice. The defendant does not allege any specific prejudice, instead he generally argues he was unfairly prejudiced because the other crimes evidence increased the victim's credibility. However, the record indicates that the State offered other evidence to corroborate C.S.'s testimony. The emergency room doctor testified that his exam of C.S. gave him the impression that C.S. had been sexually assaulted, and that his medical findings were consistent with C.S.'s report of the incident. In addition, the State introduced semen samples collected during the rape examination which confirmed the defendant's identity as the perpetrator.

Also, the record does not support a finding that the jury was confused or misled by the other crimes evidence in that the jury acquitted the defendant on the second aggravated rape charge. This acquittal, in addition to the limiting instruction given to them, supports a determination that the defendant was not unfairly prejudiced by the inclusion of the other crimes evidence.

19

Accordingly, this assignment of error is without merit.

**DECREE**

For the foregoing reasons, the defendant's convictions are affirmed. The defendant's sentence for aggravated burglary is affirmed. That portion of the defendant's aggravated rape sentence denying diminution of sentence is deleted. The defendant's sentence for aggravated rape is affirmed as amended. We remand this matter to the trial court for the limited purpose of noting the amendment to the defendant's sentence for aggravated rape in the minutes.

**CONVICTIONS AFFIRMED. SENTENCE FOR AGGRAVATED BURGLARY AFFIRMED. SENTENCE FOR AGGRAVATED RAPE AFFIRMED AS AMENDED. REMANDED WITH INSTRUCTIONS.**