# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 13-395

STATE OF LOUISIANA

VERSUS

WILLIAM JONES

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 6423-12
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of James T. Genovese, Shannon J. Gremillion and John E. Conery, Judges.

REVERSED AND REMANDED.

John F. DeRosier
District Attorney — Fourteenth Judicial District
Christy Rhoades
Karen C. McLellan
Carla S. Sigler
Assistant District Attorneys
901 Lakeshore Drive, Suite 800
Lake Charles, Louisiana  70601
(337) 437-3400
COUNSEL FOR APPELLANT:
    State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **William Jones**

**GENOVESE, Judge.**

In this domestic abuse battery case, the State appeals the trial court's grant of Defendant's Motion to Quash on the basis of double jeopardy. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On January 14, 2012, at 8:43 p.m., Defendant, William Jones, was arrested and jailed for domestic abuse battery by strangulation stemming from an altercation between him and his girlfriend in Sulphur, Calcasieu Parish, Louisiana. On January 16, 2012, at 2:30 p.m., some fifty-four hours later, the arrest warrant and bond was signed by District Court Judge David Ritchie.

The arrest warrant and bond provided as follows:

### WARRANT

STATE OF LOUISIANA      SPD COMPLAINT # C411200148
PARISH OF CALCASIEU     TO THE SHERIFF
                                   OR ANY OTHER PEACE OFFICER

WHEREAS, complaint has been made by sworn affidavit of: PO G. MARTIN THAT

WILLIAM JONES 192 N. CITIES SERVICE HWY #14 SULPHUR, LA, B/M DOB: 05/12/1971, SSN: OLN: LA 10639749 on or about JANUARY 14, 2012 in the Parish and State aforementioned did unlawfully:

COMMIT LA RS 14:35.3B3 - DOMESTIC ABUSE BATTERY BY STRANGULATION – 10,000

> Bond will be effective 48 hours after booking.
> Conditions of Bond:[1]
> (1) No contact with victim. (2) No other criminal activity.

Now THEREFORE, you are hereby commanded in the name of the State of Louisiana to apprehend, arrest and bring the said accused to before the Court of competent jurisdiction to be dealt with according to law and let this be your warrant of arrest.

---

[1] The "Conditions of Bond" were hand written by Judge Ritchie.

LET THE ACCUSED BE ADMITTED TO BAIL IN THE SUM OF $ _10,000_ with good and solvent security to be approved by the Sheriff of said Parish.

**YOU ARE COMMANDED TO NOTIFY THE DISTRICT ATTORNEY IN WRITING UPON ARREST.**

Given under my official signature this _16_th day of _January_ , _2012_, at _2:30 p.m._

_DAVID A. RITCHIE_               _____
JUDGE'S PRINTED NAME                          JUDGE'S SIGNATURE

The State filed a bill of information charging Defendant with domestic abuse by strangulation. Thereafter, Defendant filed a Motion to Quash, alleging:

2.

Defendant, hereby files this Motion to Quash, pursuant to La.C.Cr.P.[]532(6) seeking an order of this Honorable Court dismissing the Bill of Information pending against the Defendant, with prejudice.

3

The Fifth Amendment to the Constitution of the United States reads in pertinent part, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb".

4.

The Defendant's Motion to Quash must be granted and the charges against him dismissed because he is facing double punishment for the same act, after being forced to serve two (2) days in jail without the possibility of bond by order of a sitting judge of the 14th Judicial District Court. (See Exhibit "A").

5.

Any potential conviction and implication of sentence against defendant would be a second penalty for the alleged offense and thus unconstitutional and therefore the Court must grant the Defendant's motion.

A hearing on the Motion to Quash was held before District Court Judge Ronald F. Ware on October 12, 2012. Defendant's attorney argued that the "written designation" by Judge Ritchie on the bond, stating that the bond would be

effective forty-eight hours after booking, was punishment by the government, and any other punishment by the government would constitute double jeopardy.

The State argued that, at the time Judge Richie set the condition of bond that bond would be effective forty-eight hours after booking, the forty-eight hours from booking had almost elapsed. Defendant did not spend any more time in jail than was allowable under La.Code Crim.P. art. 230.2(A);[2] he did not suffer any harm or prejudice; and, no jeopardy had attached to this pretrial proceeding. The State further asserted that even if there was a statutory or constitutional violation, the remedy imposed, i.e., quashing of the bill of information, was legally impermissible. We note that Defendant's remedy for a violation of La.Code Crim.P. art. 230.2(A) would simply be a release on recognizance[3] and not a quashal of the bill of information.

The trial court granted the motion stating in pertinent part:

> Well, this is what's troubling me; well, a couple of things. Bond was set within 48 hours. Nobody denies that. And the condition of bail was that he not be allowed to be booked out 48 hours, and the 48 hours had expired.
>
> Another thing is, I guess[,] it goes to the core of your argument, Mr. Dorsey -- is has he been [sic] -- is this a punishment, pretrial or based on a set of facts or a particular incident? I don't know. Seems like it is to me. But for the 48 hours having been expired at the time he impose [sic] it, I guess, you know, we get back to the moot point. I mean --
>
> Mr. Dorsey, what do you think about that? The 48 hours had passed. When this warrant was signed and bail fixed, he was eligible for release upon posting bail. Do you agree with that?
>
> . . . .

---

[2]Louisiana Code of Criminal Procedure Article 230.2(A) provides, in pertinent part, that if a person is arrested without a warrant, the person cannot be held more than forty-eight hours from booking without a probable cause determination being made by a magistrate or judge.

[3]Louisiana Code of Criminal Procedure Article 230.2(B) provides: "If a probable cause determination is not timely made . . ., the arrested person shall be released on his own recognizance."

And I was troubled by the fact that could Mr. Jones, could he have bonded out at the time that Judge Ritchie signed this paperwork? The answer is no.

. . . .

2:30 p.m[.]? 6 hours and 13 minutes that he had to wait after this was signed before he'd be eligible for bail -- well, not eligible for bail. He was set bail, but would be permitted or admitted to bail. That's another 6 hours. And jail is not time out. Jail is jail.

. . . .

He was denied bail without a hearing based on a particular set of circumstances, an incident that caused him to be arrested. It's not something – it's not anything else. It was the event that caused him to be arrested. And it was the event that was the basis, that same event, that was the basis for his detention past the 48 hours; not past the 48 hours but caused him to spend an additional six hours in jail. Had jeopardy attached, Mr. Dorsey?

. . . .

No, but there is my concern that the State seeks to punish him twice. That was penal, in nature, to hold him for an additional six hours past the time that he should have been; and by law, bailable at 2:30 Monday. . . .

. . . .

8:43. [p.m.] At the time this was signed at 2[:]30 [p.m.], he should have been bailable immediately. But[,] he was not. I'm going to quash the information.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR

In its sole assignment of error, the State contends that the trial court erred in granting Defendant's Motion to Quash on the basis of double jeopardy. We agree.

4

## LAW AND DISCUSSION

The State contends that it was permissible for the trial court to impose as a bail restriction a forty-eight hour "cooling[-]off" period, citing La.Code Crim.P. art. 335.1, and points out that this "cooling[-]off" period did not exceed the forty-eight hour period from the time of arrest, the statutory period in which a bond must be set under La.Code Crim.P. art. 230.2; therefore, Defendant did not suffer any injury or prejudice. The State further argues that even if the time to allow Defendant to bond out was unlawful, the remedy would not be a quashal of the charge. The proper remedy would have been for Defendant to file a supervisory writ contesting the bail restriction and/or denial, citing La.Code Crim.P. art. 343. Finally, the State asserts that Defendant being detained in jail "6 hours and 13 minutes" after his arrest warrant was signed before he could bond out did not constitute punishment; thus, there was no double jeopardy violation. The State contends, in pertinent part:

> Instead of relying on the traditional double jeopardy element analysis, the defendant's argument is that his pretrial detention for a period when bail was not available to him was punitive, such that punishment after a conviction would constitute double jeopardy. Under the defendant's theory, *any* pretrial period of incarceration for an offense would bar subsequent prosecution, conviction, and imprisonment for the underlying crime. Such a result is absurd. It also flies in the face of two fundamental principles of double jeopardy illustrated *supra*: (1) for jeopardy to be implicated, the proceeding at issue must occur in a court; and (2) jeopardy attaches at a trial. Thus, in this case involving an out-of-court pretrial determination of probable cause to hold the defendant and a bail issue, there is no valid jeopardy claim which can be made.

> The purpose of bail, and any conditions placed on it, is to ensure the defendant's appearance at trial, and in some cases to protect the public or victim from the threat the defendant poses to them. LSA-C.Cr.P. Arts. 311, 334, & 335. Bail is not punitive in nature. Incarceration imposed after a criminal conviction *is* punitive, with its goals as retribution and deterrence. *State v. Trosclair*, 2011-2302 (La. 5/8/12), 89 So.3d 340, 351 (internal citation omitted).

Defendant counters that the "cooling-off" period ordered as part of bail is not authorized as a condition of bail and that it does not fall under La.Code Crim.P. art. 335, which allows a trial court to impose "any additional condition of release that is reasonably related to assuring the appearance of the defendant before the court." Defendant contends that the "cooling-off" period was not reasonably related to assuring the defendant's appearance at a subsequent court proceeding.

Defendant further claims that this is not a case of denial of bail, but an imposition of an unauthorized bail restriction that violated Defendant's constitutional right, that it exposed him to double jeopardy, and that the "cooling-off" period constituted punishment. Defendant asserts, in pertinent part:

> The State argues bail is not punitive in nature; therefore, the imposition of a mandatory forty-eight hours before bail could be posted was not punitive[ ] either. It is not disputed that bail is not punitive in nature. The condition imposed in this case, however, was punitive. Any jail sentence, of whatever length, imposed by a court, constitutes a punishment. In *North Carolina v. Thompson*, 349 N.C. 483, 508 S.E.2d 277 (N.C. 1998), the North Carolina Supreme Court, in discussing the forty-eight hour pre-trial detention of a defendant accused of domestic violence, pointed out the statute permitting detention of up to forty-eight hours prior to appearance before a magistrate or judge
>
>> [did] not *require* pretrial detention or prescribe any minimum period of detention. Individuals charged with domestic violence might not be detained at all under the statute; they might be brought before a judge for a pretrial release hearing immediately following arrest. In such instances, no double-jeopardy concern arises because the arrestee, who has not been punished or detained under [the statute] suffers no "multiple punishment" upon subsequent criminal prosecution.
>
> *Thompson*, 50[8] S.E.2d at 285. (Emphasis in original). The implication of the North Carolina Supreme Court, in that case, was that, if the statute had *required* a minimum period of pretrial detention, an arrestee would have been punished pretrial, and would suffer "multiple punishment" if subsequently prosecuted.
>
> In this case, William Jones was *required* to serve *at least* forty-eight hours before he could become "bailable." Thus, that

forty-eight hours constituted punishment; and, as such, exposure to subsequent prosecution constituted double jeopardy.

In *State v. Archield*, 09-1116, p. 4 (La.App. 3 Cir. 4/7/10), 34 So.3d 434, 438, *writ denied*, 10-1146 (La. 5/20/11), 63 So.3d 972, this court explained that "[b]oth the United States and Louisiana Constitutions prohibit double jeopardy; the imposition of multiple punishments for a single criminal act. *See* U.S. Const. amend. V; La. Const. art. 1, § 15. *See also*, La.Code Crim.P. art. 591."

We have been unable to find any Louisiana cases addressing this particular issue. Consequently, we look to federal law and other states' jurisprudence for guidance.

In *Thompson*, 508 S.E.2d 277, which is cited by Defendant in support of his position, the defendant was arrested for misdemeanor assault of his former domestic partner. He was brought before a magistrate. Because it involved domestic violence, the magistrate ordered that the defendant, following his arrest, be detained in jail for forty-eight hours before he was brought before a judge or magistrate to set his bond, pursuant to N.C.G.S. § 15A-534.1. The applicable version of N.C.G.S. § 15A-534.1 provided as follows:

> (a) In all cases in which the defendant is charged with assault on or communicating a threat to a spouse or former spouse or a person with whom the defendant lives or has lived as if married, with domestic criminal trespass, or with violation of an order entered pursuant to Chapter 50B, Domestic Violence, of the General Statutes, the judicial official who determines the conditions of pretrial release shall be a judge, and the following provisions shall apply in addition to the provisions of G.S. 15A-534:
>
> > (1) Upon a determination by the judge that the immediate release of the defendant will pose a danger of injury to the alleged victim or to any other person or is likely to result in intimidation of the alleged victim and upon a determination that the execution of an appearance bond as required by G.S. 15A-534 will not reasonably assure that such injury or intimidation will not occur, a judge may retain the defendant in custody for a reasonable period of time while determining the conditions of pretrial release.

(2) A judge may impose the following conditions on pretrial release:

    a. That the defendant stay away from the home, school, business or place of employment of the alleged victim;

    b. That the defendant refrain from assaulting, beating, molesting, or wounding the alleged victim;

    c. That the defendant refrain from removing, damaging or injuring specifically identified property;

    d. That the defendant may visit his or her child or children at times and places provided by the terms of any existing order entered by a judge.

The conditions set forth above may be imposed in addition to requiring that the defendant execute a secured appearance bond.

(3) Should the defendant be mentally ill and dangerous to himself or others or a substance abuser and dangerous to himself or others, the provisions of Article 5 of Chapter 122C of the General Statutes shall apply.

(b) A defendant may be retained in custody not more than 48 hours from the time of arrest without a determination being made under this section by a judge. If a judge has not acted pursuant to this section within 48 hours of arrest, the magistrate shall act under the provisions of this section.

In *Thompson*, the court noted that the "defendant spent almost forty-eight hours, including two nights, in jail without bond on three misdemeanor charges." *Id*. at 280. The defendant challenged the North Carolina law as unconstitutional on its face and as applied to him on the basis of due process and double jeopardy violations. As to the argument that the statute violated double jeopardy on its face, the court held in pertinent part:

In his final facial challenge to N.C.G.S. § 15A-534.1(b), defendant contends that the statute violates the Double Jeopardy Clause of the Fifth Amendment because it permits individuals to be punished twice for the same offense. The Double Jeopardy Clause states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause protects against three distinct abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same

offense after conviction, and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664-65 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Defendant asserts that he has been subjected to the third of these abuses here. He contends that when an individual is arrested on a charge of domestic violence and detained without a hearing under N.C.G.S. § 15A-534.1(b), he has been "punished" for purposes of double-jeopardy analysis. Thus, a subsequent criminal prosecution based upon the same conduct amounts to a "multiple punishment" for the same offense.

Contrary to defendant's position, there are a number of circumstances under which the detention N.C.G.S. § 15A-534.1(b) authorizes does not raise double-jeopardy concerns. **As discussed above, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment."** *Salerno*, 481 U.S. at 746, 107 S.Ct. at 2101, 95 L.Ed.2d at 708. When N.C.G.S. § 15A-534.1 is administered as intended, detentions thereunder are regulatory. *See id.* Thus, when an individual arrested upon an allegation of domestic violence undergoes regulatory detention under N.C.G.S. § 15A-534.1(b) for a brief period of time while awaiting the first available judge to hold a pretrial release hearing under N.C.G.S. § 15A-534.1(a), no double-jeopardy concern arises. Subsequent criminal prosecution of an arrestee who has been regulated, but not punished, does not expose the arrestee to "multiple punishments" for the same offense under established double-jeopardy principles.

Further, N.C.G.S. § 15A-534.1(b) does not *require* pretrial detention or prescribe any minimum period of detention. Individuals charged with domestic violence might not be detained at all under the statute; they might be brought before a judge for a pretrial-release hearing immediately following arrest. In such instances, no double-jeopardy concern arises because the arrestee, who has not been punished or detained under N.C.G.S. § 15A-534.1(b), suffers no "multiple punishment" upon subsequent criminal prosecution.

We conclude that defendant has not satisfied his burden of "establish[ing] that no set of circumstances exists under which the [a]ct would be valid." *Salerno*, 481 U.S. at 745, 107 S.Ct. at 2100, 95 L.Ed.2d at 707. N.C.G.S. § 15A-534.1(b) thus survives defendant's facial constitutional challenge on double-jeopardy grounds.

*Id.* at 284-85 (emphasis added). The court did not address whether the defendant

suffered a double jeopardy violation because it found that the defendant was

denied due process.

9

However, following *Thompson*, the appellate court in North Carolina addressed a double jeopardy violation as applied to a defendant in a similar factual scenario as the present case. In *State v. Gilbert*, 139 N.C.App. 657, 535 S.E.2d 94 (2000), the defendant was arrested for the second degree kidnapping of his ex-girlfriend. When the defendant was arrested, the magistrate who initially processed the defendant mistakenly thought it was related to domestic violence and noted that the defendant was being held pursuant to N.C.G.S. § 15:A-534.1. Defendant appeared before the judge the next morning to have his bond set. The judge set the bond and ordered that the defendant *not* be released until 2:00 p.m. that afternoon. The opinion indicates that the panel on the court was under the impression the judge also thought N.C.G.S. § 15:A-534.1 applied. On appeal of his conviction, the defendant argued that he was illegally held without bond after his arrest, and he was denied his constitutional right to due process and his protection against double jeopardy. Quoting *Thompson*, the court found that N.C.G.S. "section 15:A-534.1 'survives defendant's facial constitutional challenge on double-jeopardy grounds.' *Thompson*, 349 N.C. at 496, 508 S.E.2d at 285." *Gilbert*, 535 S.E.2d at 99. Additionally, the court addressed the double jeopardy claim as applied to the defendant, stating in pertinent part:

> [B]ecause the detention was only to await hearing before the "first available judge," defendant was not exposed to double jeopardy for the kidnapping charge. Similarly, we hold that the judge's order requiring defendant to remain in custody until 2:00 p.m. as a condition of defendant's release pursuant to section 15A-534.1(a) does not give rise to double jeopardy.

*Id*. at 101.

In *U.S. v. Warneke*, 199 F.3d 906 (7th Cir. 1999), the defendants were indicted on racketeering charges. They were ordered into detention when arrested soon after the indictment was returned. No trial was held. The indictment was

10

dismissed seventeen months later. Because the bill was dismissed on technical grounds that were easily curable, the judge ordered the defendants to remain in custody for a short time, not to exceed thirty days, pending return of a new indictment. When the new indictment was returned, the defendants had been in custody for seventeen months. The defendants moved to dismiss the indictment, claiming that their constitutional rights against double jeopardy were violated. They argued that the time spent in custody before the return of the second indictment was punishment; therefore, the double jeopardy clause prevented the government from punishing them again. The defendants contended that the double jeopardy clause's prohibition against multiple punishment applied even if a defendant has not been prosecuted.

The court held, in pertinent part:

> In [*Department of Revenue of Montana v.*] *Kurth Range*[, 511 U.S. 767, 114 S.Ct. 1937 (1994)], the defendants were convicted and sentenced after pleading guilty to drug charges. Later, the State of Montana sought to impose a drug tax on the defendants based on the same criminal conduct. The Supreme Court held that Montana's drug tax was "the functional equivalent of a successive criminal prosecution," 511 U.S. at 784, 114 S.Ct. 1937, and so the Court concluded that the double jeopardy clause precluded the imposition of the tax penalty after the underlying drug prosecutions were wrapped up.

> The analytical approach employed in *Kurth Ranch*, which actually came from *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), was jettisoned in *Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), but that's the least of the defendants' problems. The bigger problem is that *Kurth Ranch* did nothing to alter the "fundamental principle that an accused must suffer jeopardy before he can suffer double jeopardy." *Serfass v. United States*, 420 U.S. 377, 393, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). In *Kurth Ranch* the Supreme Court held that the imposition of a drug tax against a *convicted* defendant constituted a second punishment, but the Court never suggested that the tax would be prohibited absent the prior "attachment" of jeopardy. Similarly, if the tax had been levied prior to the drug prosecution, the Supreme Court would then have had to determine whether the taxing procedure resulted in the attachment of jeopardy.

Pretrial detention does not trigger the attachment of "jeopardy" so as to invoke the protection of the Double Jeopardy Clause. *See United States v. Grisanti*, 4 F.3d 173 (2d Cir.1993). And, the statute authorizing pretrial detention, 18 U.S.C. § 3142, is remedial, not punitive. In *United States v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), the Supreme Court held that detention pursuant to 18 U.S.C. § 3142(e) did not, on its face, even violate the Due Process Clause because it was not punishment. The focus of a pretrial detention hearing is to determine whether there are conditions of release that can reasonably assure the appearance of a defendant at trial and, at the same time, preserve the safety of the community. *See* 18 U.S.C. § 3142(g). The factors considered by the court in making these determinations center on risk of flight and danger, and not on the determination of guilt and punishment. "The legislative history of the Bail Reform Act clearly indicates that Congress did not formulate the pretrial detention provisions as punishment for dangerous individuals [but instead] perceived pretrial detention as a potential solution to a pressing societal problem." *Salerno*, 481 U.S. at 747, 107 S.Ct. 2095.

. . . .

The government agrees that pretrial detention may not be punitive. If an excessively long period of pretrial confinement exceeds due process limits, the defendants' remedy is not a motion to dismiss, particularly not a motion to dismiss on double jeopardy grounds. It is to seek review of the detention order. The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, allows a defendant to request reconsideration of his detention at any time. 18 U.S.C. §§ 3142(f) and 3145(b). This decision is in turn subject to review on appeal. 18 U.S.C. § 3145(c). *See United States v. Infelise*, 934 F.2d 103 (7th Cir.1991).

*Id.* at 907-08.[4]

After reviewing *Thompson* and *Gilbert*, we find that *Thompson* does not support Defendant's double jeopardy violation. Moreover, *Gilbert* is very similar to the facts in the present case in that the defendant was held in jail after his bond was set and the court found no double jeopardy violation. Additionally, as in *Warneke*, we find that pretrial detention does not trigger the attachment of jeopardy to invoke the protection of the double jeopardy clause. Furthermore, we find that the trial court's action of holding Defendant six hours and thirteen minutes after

---

[4]In *United States v. Simpson*, 3:09-CR-249-D(06), 2011 WL 2880885 (N.D. Tx. 7/15/11) (unpublished), the court cited *Warneke* to support its finding that jeopardy did not attach to pre-trial detention. The court also cites several federal cases to support its holding.

bond was set, but within the forty-eight hour period set forth in La.Code Crim.P. art. 230.2, was not punishment, and we note that Defendant has offered no authority to support his assertion that it was punishment.

Defendant also argues in brief that the forty-eight hour "cooling-off" period violates La.Code Crim.P. art. 335 in that it is not "reasonably related to assuring the appearance of the defendant before the court." Even assuming, *arguendo*, that the "cooling-off" period violates a defendant's right to bail, the legal remedy for such a violation is set forth in La.Code Crim.P. art. 343, which states: "A person held may invoke the supervisory jurisdiction of the court of appeal on a claim that the trial court has improperly refused bail or a reduction of bail in a bailable case." In the instant case, Defendant's legal remedy was to apply for supervisory writs with the appellate court, not a dismissal of the charges by the trial court pursuant to its grant of Defendant's Motion to Quash. Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings.

## DISPOSITION

The judgment of the trial court granting Defendant's Motion to Quash is reversed, and the case is remanded to the trial court for further proceedings in accordance with this opinion.

**REVERSED AND REMANDED.**