# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #049

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **25th day of October, 2024** are as follows:

**PER CURIAM:**

2023-KO-01609　　　　*STATE OF LOUISIANA　VS.　FREDERICK CURTIS MANGRUM (Parish of Washington)*

REVERSED AND REMANDED. SEE PER CURIAM.

Weimer, C.J., dissents and assigns reasons.
Hughes, J., additionally concurs and assigns reasons.
Crain, J., dissents and assigns reasons.
McCallum, J., dissents and assigns reasons.

SUPREME COURT OF LOUISIANA

No. 2023-KO-01609

STATE OF LOUISIANA

VS.

FREDERICK CURTIS MANGRUM

On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of Washington

**PER CURIAM:**[*]

We granted the application to consider whether defendant's 40-year sentence for sexual battery of a victim under 13 years old is excessive under the circumstances here where it is imposed on a 61-year-old after the commission of his first sex offense.[1] After reviewing the record, briefs, and arguments of the parties, we find the 40-year sentence is excessive, given the sentencing factors contained in this record and when compared to other sentences imposed on other defendants for similar crimes. Therefore, we reverse the ruling of the court of appeal to the extent it affirmed the sentence, we reduce the 40-year sentence imposed by the trial court to 25 years imprisonment at hard labor without parole eligibility, and we hereby affirm that 25-year sentence.

In 2016, A.J. was bathing her five-year-old granddaughter B.J. when B.J. revealed that defendant (her father) had touched her genitalia inappropriately. A.J. reported the incident and an investigation ensued. Defendant was charged with sexual battery of a victim under the age of 13 years, La. R.S. 14:43.1.[2] B.J., age 8 at

---

[*] Justice Jeannette Theriot Knoll, retired, appointed Justice Pro Tempore, sitting due to the vacancy in Louisiana Supreme Court District 3.

[1] Defendant was 61 years old at the time of the offense and 64 years old when he was sentenced. He has three prior convictions for cocaine possession.

[2] Sexual battery is defined in this provision as:

the time of trial, testified the incident occurred during an overnight stay at her adult sister's home when defendant was also staying there. Defendant testified and denied any wrongdoing.

In 2019, a unanimous Washington Parish jury found defendant guilty as charged of sexual battery of a victim under the age of 13 years. The trial court sentenced him to 40 years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The court of appeal affirmed the conviction after finding, inter alia, the evidence sufficient to satisfy the due process standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), but remanded for resentencing because of an error patent (failure to observe the statutory sentencing delay). *State v. Mangrum*, 2020-0243 (La. App. 1 Cir. 2/22/21), 321 So.3d 986, *writ denied*, 2021-00401 (La. 10/1/21), 324 So.3d 1050 (Hughes, Griffin, JJ., would grant; Crichton, J., would grant and docket and assigns reasons). On remand, the trial court resentenced defendant to 40 years imprisonment at hard labor

---

A. Sexual battery is the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, directly or through clothing, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim, directly or through clothing, when any of the following occur:

(1) The offender acts without the consent of the victim.

(2) The victim has not yet attained fifteen years of age and is at least three years younger than the offender.

(3) The offender is seventeen years of age or older and any of the following exist:

(a) The act is without consent of the victim, and the victim is prevented from resisting the act because either of the following conditions exist:

(i) The victim has paraplegia, quadriplegia, or is otherwise physically incapable of preventing the act due to a physical disability.

(ii) The victim is incapable, through unsoundness of mind, of understanding the nature of the act, and the offender knew or should have known of the victim's incapacity.

(b) The act is without consent of the victim, and the victim is sixty-five years of age or older.

2

with the first 25 years to be served without parole eligibility, pursuant to La. R.S. 14:43.1(C)(2).[3]

In a second direct appeal, the court of appeal then affirmed the sentence. *State v. Mangrum*, 2023-0431 (La. App. 1 Cir. 11/3/23), 378 So.3d 77. The court of appeal rejected defendant's argument that the sentence was constitutionally excessive because he was 64 years old at sentencing, and thus the 40-year term of imprisonment functioned as a "death penalty." The court also rejected defendant's argument that his sentence is disproportionately severe in comparison to those imposed in other sexual battery cases. For the reasons that follow we disagree with the court of appeal's determinations, and we find that the 40-year sentence is excessive given the sentencing considerations contained in the record and when compared to other sentences imposed for similar crimes.

A sentencing judge has complete discretion to impose any sentence authorized by law which is not constitutionally excessive. *State v. Smith*, 1993-402, p. 3 (La. 7/5/94), 639 So.2d 237, 240 (reh'g denied); La.C.Cr.P. art. 894.1. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion. *State v. Cann*, 471 So.2d 701, 703 (La. 1985). On appellate review of a sentence, the relevant question is "whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." *State v. Cook*, 1995-2784, p. 3 (La. 5/31/96), 674 So.2d 957, 959 (quoting *State v. Humphrey*, 445 So.2d 1155, 1165 (La. 1984)), *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996)). A trial court "abuses its sentencing discretion only when it contravenes the prohibition of excessive

---

[3] Part (C)(2) provides the penalty range:

> Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

punishment in La. Const. art. I, § 20, i.e., when it imposes 'punishment disproportionate to the offense.'" *State v. Soraparu*, 1997-1027 (La. 10/13/97), 703 So.2d 608 (quoting *State v. Sepulvado*, 367 So.2d 762, 767 (La. 1979)).

Here, although defendant denied the allegation and claimed the young victim was coached by a family member to falsely accuse him, a jury determined that defendant sexually abused his five-year-old daughter by touching her vagina and anus during one incident. While the sentence imposed (i.e. 40 years imprisonment at hard labor without parole eligibility for the first 25 years) is in the mid-range authorized by statute (i.e. 25 to 99 years imprisonment at hard labor without parole eligibility for the first 25 years), the imposition of a sentence within the statutory range may still violate a defendant's constitutional right against excessive punishment. *Sepulvado*, 367 So.2d at 767. Indeed, we believe the sentence imposed here does so.

Nonetheless, we are mindful that the trial judge is given wide discretion in the imposition of a sentence within statutory limits, and the sentence imposed by the sentencing judge should not be set aside as excessive in the absence of a manifest abuse of discretion. *See Sepulvado*, above. Furthermore, although defendant continues to assert his innocence and characterizes the State's case against him as weak, a jury rejected defendant's view, and great weight must be given to the sentencing judge's factual characterizations of the aggravating and mitigating circumstances justifying the punishment.

La.C.Cr.P. art. 881.4(D) expressly states that an "appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." Here, the record does not support the effective life sentence imposed on this first offender who is in his mid-60s. The effective life sentence also appears disproportionate when compared to other sentences imposed in similar cases. For example, defendant in *State v. Evans*, 48,471 (La App. 2 Cir. 12/18/13) 130 So.3d

4

965, received a 50-year sentence for sexual battery of his six-year-old daughter. The sexual abuse in *Evans*, however, was more extensive and defendant had a criminal history, which included other sex offenses perpetrated against small children.[4] In contrast, in *State v. Johnson*, 2011-1213 (La. App. 4 Cir. 2/7/13), 109 So.3d 994, *writ denied*, 2013-0554 (La. 11/1/13), 124 So.3d 1106, a 69-year-old defendant (age 71 at the time of sentencing) received a 25-year sentence for sexual battery of his live-in partner's daughter involving an isolated incident.

Those two decisions are simply illustrative. Defendant and the State have combed the jurisprudence to compile decisions that support their opposing positions, and we do not reproduce those compilations here. After reviewing the jurisprudence as a whole, however, we believe its overall tenor, despite a few outliers, favors the defendant's view. The State nearly acknowledges as much by arguing that the quantity of jurisprudence favoring the defense position "is not evidence that the 40-year sentence imposed in this case is excessive. It instead reflects the unsurprising fact that different judges evaluate culpability differently." Respondent's brief, p. 7. While this statement is true to the extent it captures the importance of sentencing discretion afforded district courts, comparative proportionality review has long been the primary tool of reviewing courts in effectuating constitutional prohibitions against excessive, cruel, and unusual punishments.[5] That relatively objective form

---

[4] *Cf. State v. Bridgewater*, 2022-0517 (La. App. 5 Cir. 4/26/23), 362 So.3d 998 (in which the defendant received a 35-year sentence for sexual battery of his five or six-year-old daughter, with the abuse occurring over a number of years).

[5] The Eighth Amendment to the Constitution prohibits cruel and unusual punishments, including not just barbaric punishments, but also those that are disproportionate to the crime committed. *Weems v. United States*, 217 U.S. 349 (1920); *Solem v. Helm*, 463 U.S. 277, 284, 103 S.Ct. 3001, 77 L.Ed. 2d 637 (1983). A review of whether a sentence is disproportionate under the Eighth Amendment "should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) *the sentences imposed on other criminals in the same jurisdiction*; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem*, 463 U.S. at 292 (emphasis added). The United States Supreme Court in *Solem* further stated: ". . . it may be helpful to compare the sentences imposed on other criminals in the same jurisdiction. If more serious crimes are subject to the same penalty, or to less serious penalties, that is some indication that the punishment at issue may be excessive." *Solem*, 463 U.S. at 291–92, 103 S.Ct. at 3010.

of review demonstrates that defendant's 40-year-sentence is disproportionate under the circumstances here, and we are not persuaded by the State's implication that an outlier sentence, particularly one of this magnitude that amounts to an effective life sentence, is simply a natural and acceptable consequence of sentencing discretion.

In so finding, we do not minimize the harm caused by this defendant. The record supports the district court's determinations that the crime is serious, the victim was traumatized by defendant's act, and defendant is in need of correctional treatment. A sentence of 25 years imprisonment at hard labor without parole eligibility for its entirety, however, will satisfy the sentencing guidelines and meet all valid penological goals while being substantially similar to the sentences imposed on other offenders under comparable circumstances and without being disproportionately harsh in comparison.

Accordingly, we reverse the ruling of the court of appeal, which affirmed the 40-year sentence. We find that the 40-year sentence imposed, while statutorily authorized, contravenes the prohibition of excessive punishment in La. Const. art. I, § 20, because it constitutes disproportionate punishment when imposed under the circumstances here to this individual defendant. *See generally Soraparu*, above; *Sepulvado*, above. Therefore, we reduce the sentence to 25 years imprisonment at hard labor without parole eligibility.[6] We affirm the sentence as amended. We remand to the district court with instructions to update the uniform commitment order to reflect the 25-year sentence without parole eligibility imposed.

**REVERSED AND REMANDED**

---

[6] *See generally State v. Telsee*, 425 So.2d 1251 (La. 1983); *see also State v. Aquiliar-Benitez*, 2021-00174 (La. 10/10/21), 332 So.3d 618.

6

# SUPREME COURT OF LOUISIANA

### No. 2023-KO-01609

### STATE OF LOUISIANA

### VS.

### FREDERICK CURTIS MANGRUM

*On Writ of Certiorari to the Court of Appeal, Fourth Circuit,*
*Parish of Washington*

**WEIMER, C.J.**, dissenting.

I respectfully dissent, believing that the trial court was in the best position to determine the appropriate sentence and that this court should respect the trial court's decision. I cannot ignore the following facts. The defendant's mother, the grandmother of the victim, turned him in to police following the abuse. The defendant testified at trial, affording the jury an opportunity to evaluate his credibility or lack thereof. The jury unanimously rejected his testimony and his denial of the abuse inflicted on the victim.

A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. **State v. Smith**, 01-2574, p. 6 (La. 1/14/03), 839 So.2d 1, 4 (citing **State v. Bonanno**, 384 So.2d 355, 357 (La. 1980)). Abuse of a child is particularly egregious because the child can suffer the scars of abuse for a lifetime, as the majority notes, but fails to heed. The facts, which indicate touching the victim's vagina and anus, could have justified more serious charges that carry a significantly harsher punishment. For the crime as charged, the sentence imposed is within the mid-range authorized by statute. If the defendant receives a sentence of 40 years, the defendant would be eligible for parole at 25 years and can earn his

freedom when the child is an adult. Whether a sentence of 40 years (with parole eligibility after 25 years) or a sentence of 25 years (without the possibility of parole), the result is that the defendant will probably receive a life sentence regardless, given the life expectancy in Louisiana.

Not able to improve on what Judge Molaison artfully stated in another matter, I quote:

> We live in an era that pays attention to the testimony of victims, and the impact of what suffering at the whim of a sexual predator does to the course of their lives. Perhaps no one is in a greater position to balance the grievous nature of these offenses against a fair and appropriate sentence for one convicted of this type of crime other than the judge overseeing the proceedings.
>
> Concerning the victims, the trial court judge sees firsthand what effect the abuse has had on a young man or woman when they must recount, in a public forum, the events that have scarred them in secret. Similarly, the trial judge also sees the impact that these crimes have upon a victim's family, who also suffer greatly. Finally, the judge has a clear vantage point from the bench of whether a convicted defendant accepts responsibility for his actions and shows remorse for what he has done, or if he discounts the damage left in the wake of his actions.
>
> However, the factors that are evident to a trial judge who has presided over this type of case, having witnessed the demeanor of witnesses, and listened to the spoken words of both the victim and a defendant are far less obvious in the pages of a cold record. For this reason, a trial court's rulings receive deference from a reviewing court.

**State v. Aguilar-Benitez**, 20-0032, p. 19 (La.App. 5 Cir. 12/30/20), 308 So.3d 1259, 1275-76 (Molaison, J., dissenting in part), <u>reversed,</u> 21-00174 (La. 10/10/21), 308 So.3d 618.

I must respectfully dissent.

SUPREME COURT OF LOUISIANA

No. 2023-KO-01609

STATE OF LOUISIANA

VS.

FREDERICK CURTIS MANGRUM

On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of Washington

**Hughes, J., additionally concurring.**

Mr. Mangrum was convicted, not by the testimony of his five-year-old daughter, but by the testimony of the child's grandmother who had a financial interest in obtaining custody of the child and kidnapped her to Texas to report the alleged inappropriate touching, which was eventually confirmed by the five year-old only after she was promised a birthday party by the grandmother.

# SUPREME COURT OF LOUISIANA

## No. 2023-KO-01609

## STATE OF LOUISIANA

## VS.

## FREDERICK CURTIS MANGRUM

On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of Washington

**CRAIN, J.**, dissenting.

A unanimous jury convicted defendant as charged. Valuing the jury's finding, defendant molested his 5 year-old daughter "beyond a reasonable doubt." *See* La. R.S. 14:43.1, 15:271. By allowing parole in 25 years, the trial court let the Department of Corrections and the Parole Board determine if defendant would be rehabilitated and could return to free society at that time. The majority makes that decision now. Certainly the 5 year-old victim will remain affected in 25 years when this convicted child molester is released.

# SUPREME COURT OF LOUISIANA

## No. 2023-KO-01609

## STATE OF LOUISIANA

## VS.

## FREDERICK CURTIS MANGRUM

On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of Washington

**McCALLUM, J., dissents and assigns reasons.**

After a unanimous jury convicted defendant of sexual battery of a victim under the age of thirteen years, a violation of La. R.S. 14:43.1, the trial court sentenced the defendant to forty-years imprisonment at hard labor with the first twenty-five years to be served without parole eligibility. However, the statutory definition of the crime hardly exposes the truly heinous nature of the crime and the significant injury that the defendant inflicted upon the victim. The victim is the daughter of the defendant, and she was only five years old when the defendant subjected her to a sexual crime that she will emotionally, if not also physically, carry with her for the rest of her life. The defendant unquestionably exploited his position of trust to commit this monstrous act. As the majority notes, a maximum sentence for sexual battery of a minor may not be excessive if a defendant exploits a position of trust to commit the crime. Here, the trial court did not come close to the maximum sentence of ninety-nine years; in fact, it did not sentence defendant to even half of the maximum sentence. *See* La. R.S. 14:43.1. As such, the defendant is not aggrieved by having been sentenced to forty-years in prison. In reality, taking into consideration the abhorrent nature of the crime, the sentence is unquestionably more lenient than it is excessive.

In agreement with the salient words of the trial court that "a lesser sentence

would deprecate the seriousness of the defendant's crime," I would affirm the forty-year sentence.